UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD E. DUBY, JR.,

        Petitioner,                         Case No. 15-11492

v.                                                HON. AVERN COHN

THOMAS WINN,

        Respondent.
_____/

## MEMORANDUM AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Richard Duby, Jr. was convicted in Gladwin County Circuit Court by a jury of three counts of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, one count of second-degree child abuse, and one count of accosting a child for immoral purposes. He was sentenced to a string of concurrent sentences, the longest of which is 30 to 60 years.

The petition raises two claims: (1) whether Petitioner was denied his appeal of right when a corrections officer failed to file a notice for him, and (2) whether the trial court's determination that Petitioner waived his right to appeal was based on an unreasonable determination of the facts. For the reasons that follow, the petition will be denied for lack of merit.

### II. Background

The facts relevant to Petitioner's claims as gleaned from the record follow.

Petitioner was sentenced on August 24, 2011. At the conclusion of the sentencing hearing, he was given a "Notice of Right to Appellate Review and Request for Appointment of Attorney" form. The form states: "A request for the appointment of an attorney must be made in writing and sent directly to the court at the address noted above within 42 days." See Mich. Ct. R. 7.204(A)(2). In Petitioner's case, the time for requesting appointment of counsel for filing a direct appeal was October 5, 2011, 42 days after August 24, 2011.

The state court record contains a signed copy of this form bearing a date of August 29, 2011. The form also includes an affidavit bearing a notarization by Susan Walker, Notary Public, dated September 1, 2011. However, as will be explained, the trial court concluded that the form was not filed until after expiration of the 42-day period. The trial court found that Petitioner filed a notice of appeal when he sent a letter to the trial court dated October 25, 2011 in which he requested information on how to proceed with an appeal.

Petitioner, through counsel, filed a motion in the trial court to reissue the judgment of sentence to reset the appellate deadline. As grounds for extending the deadline, Petitioner said that he attempted to file a timely appeal, but a corrections officer failed to file the paperwork, and a court clerk later turned Petitioner's mother away when she attempted to file the appeal.

On October 8, 2012, the trial court held an evidentiary hearing on the motion. Kathie Duby, Petitioner's mother, testified that several weeks after her son's sentencing she found a signed copy of the appeal form among Petitioner's belongings that a friend picked-up from the Gladwin County Jail. Duby further testified that she took the

appellate form to the courthouse, but she was told that it was too late to file. Duby did not remember the date she went to the courthouse.

Petitioner testified that he intended to appeal his conviction after he was sentenced. He further testified that when he got back to the jail after sentencing, he read the forms, signed them, and handed them to a corrections officer named Powell. Petitioner testified that Powell brought the forms back to him and he told Petitioner that they needed to be notarized and that the notary would be available the next day. Petitioner testified that he obtained the notary's signature the next day and he asked a corrections officer named Grant to make copies. Petitioner testified that he "assumed" someone from the jail was also going to file the original form with clerk's office. Petitioner did not testify that he instructed Grant to file the appellate papers.

Petitioner also testified that when he was transferred to the Michigan Department of Corrections, he was told that he should confirm that his appeal had been filed. He then called his mother and told her to take a copy of the form to the clerk's office and verify that it had been filed. Petitioner later learned from his mother that his appellate form would not be accepted for filing because it was late. As a result, Petitioner wrote a letter to the trial court, dated October 25, 2011, asking how he could initiate his appeal, and attaching copies of the previously signed forms.

Matthew McGourty, a jail administrator with the Gladwin County Sheriff's Department, testified that he was familiar with Petitioner. McGourty testified that in accordance with Petitioner's request, his appeal paperwork was released to a person named Chad Auxier on September 8, 2011. McGourty also testified that deputies were prohibited from filing court documents on behalf of prisoners. He testified that appeal

papers from prisoners are delivered to the courts using the jail's kite system, and inmates are made aware of the kite system.

Gladwin County Clerk Laura Brandon-Maveal testified that it is her office's policy to accept all documents for filing, and that it was not part of her job or that of her staff to check whether filings were timely. The office will file such documents and leave it to the court to determine whether they were timely filed. Brandon-Maveal testified that a woman did approach the office with a filing in Petitioner's case, but then left without submitting it when they were told it lacked a signature or notarization. She added that she would have nonetheless accepted the document for filing, but the woman chose to take it back.

The trial court found the testimony of McGourty and Brandon-Maveal to be credible, and that of Duby to be "somewhat confused." The trial court further found that Petitioner never told either the Notary Public or Grant to file his appellate papers. Nor did Petitioner attempt to file them via the jail's kite system. Rather, the court found that the first time Petitioner attempted to file the forms was when he sent the letter on October 25, 2011. Because this date is beyond the 45 day window, the trial court denied Petitioner's motion.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> Whether the circuit court erred in refusing to re-sentence Defendant which denied him his state and federal constitutional right to an appeal from a jury trial based on conviction where the in custody defendant clearly demonstrated his intent to appeal and where there was no affirmative waiver.

The Michigan Court of Appeals denied the application for leave to appeal "for lack

of merit in the grounds presented." People v. Duby, No. 315286 (Mich. Ct. App. Nov. 19, 2013). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claim as in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. People v. Duby, 495 Mich. 995 (2014).

### III. Standard of Review

28 U.S.C. § 2254(d) (1) and (2) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is bared under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law, or resulted in an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Rice v. White, 660 F.3d 242, 250 (6th Cir. 2012).

Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct" unless the petitioner rebuts the finding "by clear and convincing evidence." Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).

### IV. Analysis

Petitioner claims that his right to appeal was denied because he demonstrated his intent to timely file his appellate papers and that he was misled by the actions of a corrections officer into thinking that his appeal was filed. He also says that it was unreasonable for the trial court to find that he waived his right to appeal.

Petitioner's claim does not entitled him to habeas relief. There is no constitutional

right to an appeal a criminal conviction. Jones v. Barnes, 463 U.S. 745, 751 (1983); see also, Goeke v. Branch, 514 U.S. 115, 119 (1995) ("a convicted criminal has no constitutional right to an appeal"). However, once the state grants the right to appeal it must follow procedures comporting with the Due Process Clause of the Fourteenth Amendment. Evitts v. Lucey, 469 U.S. 387, 403 (1985). Due Process claims are implicated when a defendant is denied an adequate opportunity to present his appeal and receive an adjudication on the merits, or when defendants are treated differently in such a way that affects their ability to pursue a meaningful appeal. Id. at 402, 405. Thus, it is well-settled that due process is violated if a criminal defendant is denied an appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." Goodwin v. Cardwell, 432 F.2d 521, 522–23 (6th Cir.1970); Hall v. Yanai, 197 Fed.Appx. 459, 460 (6th Cir. 2006).

Here, the record shows that Petitioner's due process rights were not violated. After Petitioner was sentenced, he was informed of his appellate rights and how to assert them. The form he received indicated in plain terms that if he wished to be appointed appellate counsel to pursue an appeal of his conviction he was required to sign the form and the affidavit of indigency and mail it directly to the court within 42 days.[1]

Petitioner, however, says that he attempted to assert his appellate rights by having corrections officer Grant deliver his appellate papers to the court after having

---

[1]Petitioner does not argue, nor did he testify at the evidentiary hearing, that he instructed his trial counsel to file his appellate papers for him.

6

them notarized. Unfortunately for Petitioner, the trial court rejected this factual assertion. Rather, the trial court accepted as true the testimony of Matthew McGourty, a jail administrator. As noted above, McGourty testified that corrections officers do not file appellate papers for prisoners and that prisoners are told to use the jail's kite system. Nor did Petitioner call Grant as a witness to question him whether he told Petitioner that he would nevertheless file the appeal for him. Accordingly, the trial court found "the defendant did nothing to file the appellate rights form with the county clerk's office."

On habeas review, the Court must accept as true this factual finding under § 2254(e)(1) and Petitioner has not offered clear and convincing evidence that the determination is incorrect. Stated simply, the State took no action to deny Petitioner his appellate rights. Rather, Petitioner failed to file the necessary appellate papers in a timely manner despite being given instructions on how to do so.

Petitioner relies on <u>Dorn v. Lafler</u>, 601 F3d 439, 444 (6th Cir. 2010). This case is distinguishable. In <u>Dorn</u>, the prisoner properly tendered his appeal papers to prison officials, but the officials held on to them until the appeal deadline passed. Here, by contrast, Petitioner gave his papers to corrections officers and asked for copies, and he made the unwarranted <u>assumption</u> that the officers would also file the papers with the court. But as revealed during the evidentiary hearing, that assumption was unfounded. Petitioner was required to use the kite system to file his appeal and he failed to do so.

Petitioner also asserts that the trial court unreasonably found that he voluntarily and knowingly waived his right to appeal. The trial court made no such finding. Rather, the trial court found that Petitioner never timely filed his appellate papers. Petitioner has cited no authority, let alone clearly established Supreme Court law, that requires a

7

voluntary and knowing waiver of the right to appeal. Indeed, the right to appeal is a right that must be affirmatively exercised and is waived if not asserted. See Norris v. Wainwright, 588 F.2d 130, 137 (5th Cir. 1979) ("A defendant properly informed of his appellant rights may not 'let the matter rest,' and then claim that he did not waive his right to appeal." (citation omitted).

In light of the unrebutted findings of fact made by the trial court, Petitioner's due process rights were not implicated where he simply never filed his appellate papers in the manner prescribed by state law. In other words, the Court cannot conclude that the trial court's factual findings were unreasonable based on the evidence presented at the hearing.

V. Conclusion

For the reasons above, the petition for a writ of habeas corpus is DENIED. Further, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.


       S/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated: October 4, 2016
      Detroit, Michigan